IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ANTHONEY BRUZELLAS WILLIAMS,   :

      Plaintiff,                    :

vs.                                :    CIVIL ACTION 07-0030-BH-C

FFC COLEMAN-USP-1, et al.,      :

      Defendants.               :

## REPORT AND RECOMMENDATION

Plaintiff, a federal inmate who is proceeding *pro se*, filed a civil rights actions on the Court's § 1983 complaint form. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is the undersigned's recommendation that this action be transferred to the United States District Court for the Middle District of Florida.

In the complaint (Doc. 1), plaintiff names as defendants FFC Coleman-USP-1. Warden Tracy Johns, and Jaime Bengford. The claims against these defendants for plaintiff's conditions of confinement do not arise in the Southern District of Alabama, and plaintiff is not incarcerated in the Southern District of Alabama, but at FCC Coleman-USP-1 in Sumter County, Florida, in the Middle District of Florida.

The proper place for filing a civil action where jurisdiction is not based solely on

diversity of citizenship, except as otherwise provided by law, is only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b); *see Cameron v. Thornburgh,* 983 F.3d 253, 257-58 (D.C. Cir. 1993) (applying § 1391(b) venue provisions to a *Bivens* action); *Jones v. Hawk-Sawyer,* 2003 WL 145029, at *7 (N.D. Tex. Jan 15, 2003) (same); *see also New Alliance Party of Ala. v. Hand*, 933 F.2d 1568, 1570 (11th Cir. 1991) (applying § 1391(b)'s venue provisions to a § 1983 action); *Jones v. Bales,* 58 F.R.D. 453, 458 (N.D. Ga.) (same), *aff'd*, 480 F.2d 805 (5th Cir. 1973).[1]  When venue is not proper in the district of filing, a district court may transfer the action, in the interest of justice, to any other district or division where the action might have been brought.  28 U.S.C. § 1406(a).

In the present case, plaintiff's action appears to have no connection to this district. Furthermore, the named defendants are located in the Middle District of Florida.  And the events giving rise to plaintiff's action appear to have occurred in the Middle District of Florida. Venue is, therefore, lacking in this district.  Moreover, venue appears to be proper in the Middle District of Florida.  Considering plaintiff's *pro se* status, it is recommended that, in the interest of justice, plaintiff's action be transferred to the United States District

---

[1]The Eleventh Circuit in *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

Court for the Middle District of Florida pursuant to 28 U.S.C. § 1406(a).

The attached sheet contains important information regarding objections to the

Report and Recommendation.

**DONE** this 31st day of January, 2007.

                                        s/WILLIAM E. CASSADY
                                        UNITED STATES MAGISTRATE JUDGE

### MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.     ***Objection***.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY

UNITED STATES MAGISTRATE JUDGE